IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAYDA I. ACEVEDO VIVES,

   **Plaintiff,**

       v.

UNITED STATES OF AMERICA,

   **Defendant.**

CIVIL NO. 20-1580 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Mayda I. Acevedo Vives ("Plaintiff") brought forth the present action asserting claims under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, and Puerto Rico law, P.R. Laws Ann. tit. 31, §§ 5141, 5142 (respectively "Article 1802" and "Article 1803"). Docket No. 1. Pending before the Court is the United States of America's ("Defendant") Motion to Dismiss, Docket No. 33, under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). For the below stated reasons, the Motion to Dismiss is hereby **GRANTED**.

## FACTUAL BACKGROUND

On January 7, 2018, Plaintiff was walking in *Bastion of las Palmas* in Old San Juan, Puerto Rico when she stepped on an uncovered hole, lost her balance, and fell sideways against the concrete ground. Docket No. 1, ¶¶ 4.1-4.2. Plaintiff was taken to Doctor's Center in Santurce, Puerto Rico, and subsequently transferred to Puerto Rico Medical Center to treat her injuries. *Id.* Diagnostic images taken on February 21, 2018, presented "findings [] consistent with a Hill-Sachs fracture." *Id.*, ¶ 4.3. As a result of her fall, Plaintiff "has undergone extensive medical treatment, has

**CIVIL NO.** 20-1580 (JAG) 2

suffered considerable physical and emotional distress, incurred in medical expenses, and has been left with a permanent partial disability in her total bodily function." *Id.*, ¶ 4.4.

The United States Department of the Interior, National Parks Service, exercises exclusive control over *Bastion of las Palmas*. *Id.*, ¶ 3.6. Per Plaintiff, her fall and subsequent injuries were caused by the negligence of the National Parks Services to maintain *Bastion of las Palmas* in a safe condition for visitors and its failure to warn visitors of potential hazards. *Id.*, ¶¶ 4.5-4.12. On the other hand, Defendant counters that they are not liable for Plaintiff's injuries under the discretionary function exception of the FTCA. Docket No. 33.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action against it for lack of federal subject-matter jurisdiction. *FDIC v. Cabán-Muñiz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating its existence by a preponderance of the evidence. *U.S. ex rel. Ondis v. City of Woonsocket*, 587 F.3d 49, 54 (1st Cir. 2009). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998) (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1, 1 (1st Cir. 1987)); *see Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Acosta-Ramírez v. Banco Popular de P.R.*, 712 F.3d 14, 18 (1st Cir. 2013).

**CIVIL NO.** 20-1580 (JAG)                                                                                                         3

## ANALYSIS

Defendant requests dismissal for lack of subject matter jurisdiction on the basis that Plaintiff's claims are precluded by the discretionary function exception under the FTCA. Docket No. 33 at 1.

I.  **Federal Law Claim**

The FTCA, which waives the government's sovereign immunity in certain tort actions, includes several exceptions. *Mahon v. United States*, 742 F.3d 11, 12 (1st Cir. 2014). One such exception is the discretionary function exception, which bars claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency." *Id.* (quoting 28 U.S.C. § 2680(a)). "[I]f a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *United States v. Gaubert*, 499 U.S. 315, 324 (1991).

For the exception to apply, the Court must first identify the conduct or omission that allegedly harmed the plaintiff. *Mahon*, 742 F.3d at 14. Then the Court must address two questions: first, whether the conduct or omission is discretionary, i.e., not controlled by "statute, regulation, or policy," *Berkovitz v. United States*, 486 U.S. 531, 536 (1988); and second, if discretionary, whether the conduct or omission was subject to policy-related judgments, *Mahon*, 742 F.3d at 14. If both questions are answered in the affirmative, "the discretionary-function exception holds sway and sovereign immunity blocks the litigation. But a 'no' answer to either question means the exception does not apply and the suit may continue." *Id.* There is a rebuttable presumption that "the exercise or non-exercise of the granted discretion is actually or potentially affected by

**CIVIL NO.** 20-1580 (JAG)                                                                                                   4

policy-related judgments." *Id.* (citing *Fothergill v. United States*, 566 F.3d 248, 252 (1st Cir. 2009)) (internal quotation marks omitted). "[T]he government benefits from the presumption that a supervisor's discretionary acts are grounded in policy. It is the plaintiff's burden to rebut this presumption and demonstrate that particular discretionary conduct is not susceptible to policy-related judgments." *Bolduc v. United States*, 402 F.3d 50, 62 (1st Cir. 2005) (cleaned up).

Plaintiff alleges the following conduct:

> the [National Parks Service]'s decisions to make negligent repairs [by] repairing several light pole holes and leaving a third one unrepaired and uncovered, not posting warning signs or notices of the hazardous dangerous condition, without taking any safety precautions to warn visitors and pedestrians about the existence of such hazardous condition.

Docket No. 36 at 13 (cleaned up).[1] Because Plaintiff acknowledges that the challenged conduct is discretionary, Docket No. 36 at 14, Plaintiff must overcome the presumption in favor of Defendant that the challenged conduct was affected by policy-related judgments. *See Mahon*, 742 F.3d at 14.

Plaintiff contends that the discretionary function exception does not apply if the act or omission is carried out negligently. Docket No. 36 at 18 ("The Superintendent's decision to make repairs at *Bastion of las Palmas* to repair the light posts might be arguably protected by the discretionary function exception, but the implementation of that decision is not . . . [because the dangerous condition] was negligently repaired."). For this reason, Plaintiff's argument focuses on

---

[1] Defendant asserts that "Plaintiff rests this claim on statements in documents provided in discovery . . . Those documents are not specific to the hole where Plaintiff tripped . . . the circular hole(s) in Plaintiff's photo are not the location of a light post but rather the location of an in-grade light installed by the Municipality of San Juan on or around 1999." Docket No 39 at 5. Defendant also objects to Plaintiff's reliance on these documents, which it challenges as inadmissible under the attorney work product doctrine and/or the attorney-client privilege. *Id.*, n.1. Nevertheless, these alleged facts are irrelevant for determining the applicability of the discretionary function exception.

**CIVIL NO.** 20-1580 (JAG)                                                                 5

the allegation that "the job was negligently performed leaving one hole exposed and uncovered causing Plaintiff to fall and injure herself."[2] *Id.* at 6. Plaintiff does not contest that the challenged action was policy-related, but rather argues that, even if the action falls within the discretionary exception, it no longer applies if the action was carried out negligently. *Id.* at 14-18. However, First Circuit caselaw contradicts her position. The First Circuit has found that

> as long as the challenged conduct involves the exercise of discretion in furtherance of public policy goals, claims under the FTCA are foreclosed by the discretionary function exception. Because this is so whether or not the discretion involved be abused, *the presence or absence of negligence is irrelevant to the applicability of the discretionary function exception.*

*Evans v. United States*, 876 F.3d 375, 380-81 (1st Cir. 2017) (emphasis added) (cleaned up). "[W]here the government is performing a discretionary function, the fact that the discretion is exercised in a negligent manner does not make the discretionary function exception to the FTCA inapplicable." *Attallah v. United States*, 955 F.2d 776, 784 n.13 (1st Cir. 1992); *see also Carroll v. United States*, 661 F.3d 87, 105 (1st Cir. 2011) ("The FTCA does not provide jurisdiction for a negligence action against the United States arising from that injury."); *Bolduc v. United States*, 402 F.3d 50, 59 (1st Cir. 2005) ("[W]e hold that the FTCA does not waive the federal government's sovereign immunity vis-a-vis the appellants' negligence claim."); *United States v. S. A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 821 (1984) ("We hold that these actions against the FAA for its alleged negligence in [certifying] aircraft for use in commercial aviation are barred by the discretionary function exception of the Federal Tort Claims Act."). Wherefore,

---

[2] "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

**CIVIL NO.** 20-1580 (JAG)                                                                                                 6

Plaintiff's contention that the discretionary action was negligently performed does not preclude Defendant's discretionary function defense. Ultimately, Plaintiff has not rebutted the presumption that challenged conduct was motivated by policy-related judgments. Thus, the Court must find the action was the result of a policy-related judgment and the discretionary function exception bars Plaintiff's claim. *See* Docket No. 33 at 12-18.

Finally, Plaintiff argues that Defendant waived the discretionary function defense as it was not raised as an affirmative defense in Defendant's Answer to the Complaint. Docket No. 36 at 19-20. Nevertheless,

> Affirmative defenses may be raised in a motion to dismiss, provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings . . . Ultimately, when the facts establishing the defense appear within the four corners of the complaint, and upon review there is no doubt that the plaintiff's claim is barred by the raised defense, dismissal is appropriate.

*Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (cleaned up). Furthermore, challenges to the Court's subject matter jurisdiction can be raised at any time. *Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010) ("It is a familiar rule that challenges to a federal court's subject matter jurisdiction can be raised at any stage of the litigation.") (citations omitted). Thus, this argument is meritless.

Accordingly, the Court lacks subject-matter jurisdiction over this case because the discretionary function exception applies. Wherefore, in accordance with Fed. R. Civ. P. 12(b)(1), the FTCA claims are hereby **DISMISSED WITH PREJUDICE**.

  II.   Puerto Rico Law Claims

Plaintiff also brings claims under Puerto Rico's general tort statutes, Article 1802 and 1803. Nevertheless, tort actions against the federal government may only be brought under the FTCA.

20-1580 (JAG)                                                                                                              7

*Rakes v. United States*, 442 F.3d 7, 18-19 (1st Cir. 2006). As such, Plaintiff's Puerto Rico law claims are hereby **DISMISSED WITH PREJUDICE**.

## CONCLUSION

In light of the above, and pursuant to this Opinion and Order, Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Monday, November 27, 2023.

s/ Jay A. Garcia-Gregory  
JAY A. GARCIA-GREGORY  
United States District Judge